UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| U.S. UNITED BARGE LINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-CV-00382 |
| | ) | |
| vs. | ) | Judge:  J. Phil Gilbert |
| | ) | |
| MICHAEL VAUGHN, | ) | Magistrate Judge: Clifford J. Proud |
| | ) | |
| Defendant. | ) | |

**COMPLAINT OF UNITED BARGE LINE, LLC FOR DECLARATORY JUDGMENT**

Now comes the Plaintiff, U.S. United Barge Line, LLC ("UBL") and for its complaint, states as follows:

**PARTIES**

1. Plaintiff UBL is a Florida limited liability company authorized to do business in Illinois with its principal office in Illinois located at 100 Scott Street, Metropolis, IL 62960.

2. Defendant, Michael T. Vaughn, is a resident of Illinois, and may be served with process at his residence at Eldorado, Illinois.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this lawsuit because this action is an admiralty or maritime claim under the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Alternatively, the Federal Court is vested with exclusive jurisdiction of this case under 28 USC § 1333.

4. This Court is vested with a personal jurisdiction over Defendant Michael T. Vaughn as Mr. Vaughn is a resident of Illinois.

5. Venue is appropriate within this District as Mr. Vaughn is a resident of and may be found in this district.

6. Plaintiff brings this claim for Declaratory Judgment under both Federal Rule of Civil Procedure 57 and 28 USC §§ 2201, 2202.

7. Starting in December 2008, Defendant was employed by UBL as a deckhand and second mate aboard UBL's towboats.

8. On October 27, 2009, Defendant reported that he was injured and suffered a lower back strain while working aboard the M/V DONNA GRIFFIN.

9. Since that time, Defendant has not returned to work for Plaintiff and has received wage continuation benefits in addition to maintenance and cure for his injuries. "Cure" is the term for the duty that a vessel owner such as UBL has in certain circumstances to pay for any reasonable and necessary medical care that its employees require as a result of an illness or injury that manifests itself aboard an employer's vessel, regardless of fault.

10. Information has recently come to light that strongly suggests that Defendant's back injury and pain predated his employment with UBL, did not occur as a result of Defendant's employment with UBL, and did not initially manifest itself aboard a UBL vessel. Additionally, UBL believes that Mr. Vaughn may not have been truthful during the hiring process regarding a pre-existing back injury.

11. As a result of this new information, UBL believes that the Defendant is not entitled to maintenance and cure and seeks declaratory relief.

12. The above-stated facts give rise to a present case or controversy as required by law.

**PRAYER FOR RELIEF**

13. UBL seeks a declaration from this Court that Michael Vaughn is not entitled to maintenance or cure from UBL under general maritime law.

14. Declaratory relief is necessary in this case to adjudge the liability of UBL, if any, to Defendant for maintenance and cure.

15. This Declaratory Judgment action will settle the controversy between the parties concerning Mr. Vaughn's entitlement *vel non* for maintenance and cure from UBL.

WHEREFOR, the Plaintiff asks for Judgment against the Defendant for the following:

A. An Order declaring that Declaratory Judgment Plaintiff, U.S. United Barge Line, LLC does not owe maintenance and cure benefits, either retroactively or prospectively, to Michael Vaughn as a result of any injury and/or illness alleged by Mr. Vaughn to have occurred on board the M/V DONNA GRIFFIN.

RESPECTFULLY SUBMITTED, this the 21st day of May 2010.

THE MILLER LAW FIRM, PLLC

By: /s/ Bobby R. Miller, Jr.
  Bobby R. Miller, Jr.  - IBA #06273706
  P.O. Box 7039
  Paducah, KY 42002-7039
  (270) 554-0051
  (270) 554-0052 (fax)

*Attorneys for U.S. United Barge Line, LLC*