UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

U.S. UNITED BARGE LINES LLC,

    Plaintiff,

v.

MICHAEL VAUGHN,

    Defendant.

Case No. 10-cv-382-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the motion for temporary injunction ("TRO") and preliminary injunction ("PI") filed by plaintiff U.S. United Barge Lines LLC ("United") (Doc. 3). The Court held a hearing on the motion on May 24, 2010, at which United appeared by counsel in person and defendant Michael Vaughn appeared by counsel by phone. For the following reasons, the Court will deny the motion for a TRO and a PI.

**I.    Background**

    United brought this declaratory judgment action pursuant to 28 U.S.C. § 2201, seeking a declaration that Vaughn is not entitled to maintenance and cure under general maritime law for a back injury he claims received on the job in October 2009 while working on a towboat for United. United claims it has reason to believe, but has not yet confirmed, that the injury occurred before Vaughn began working for United in December 2008. Thus, United argues, it is not obligated to provide maintenance or cure.

    In the pending motion, United seeks a TRO and PI preventing Vaughn from having back surgery on May 25, 2010. United argues that a reasonable delay of the surgery (of several weeks) is necessary so that it can obtain a pre-surgery independent medical exam ("IME") to preserve evidence of the origin of the back injury. United believes that if the surgery is

performed, it will lose the ability to obtain that evidence.  United also believes the surgery is unnecessary in light of the medical opinion of Dr. Hadi that surgery would not help Vaughn.  Dr. Hadi recommended conservative treatment, which Vaughn has followed in vain.  His back problems continue to get worse under that conservative treatment regime.  In making his decision to have surgery, Vaughn relies on the medical opinion of Dr. Fonn that surgery would be beneficial.

## II.     Injunctive Relief Standard

When deciding a motion for temporary injunction, the Court applies the same standard as it does to a motion for a preliminary injunction.  *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001).  Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."  *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998).  A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm in the interim period prior to final resolution of its claims if the injunction is not granted.  *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008); *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.  *Girl Scouts*, 549 F.3d at 1086.  "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor."  *Ferrell*, 186 F.3d at 811;  *accord Girl Scouts*, 549 F.3d at 1086.

"A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). It should never be granted unless a case clearly demands it. *Girl Scouts*, 549 F.3d at 1085.

**III. Analysis**

United has not carried its burden of showing it will suffer irreparable harm if the Court does not enter a TRO or PI. At least two physicians have already examined Vaughn in connection with his back problems. United has not demonstrated why those physicians' opinions would not be sufficient to document the status of Vaughn's back injury before surgery. Furthermore, the Court is mindful that surgeons keep careful notes of their observations during surgery and often videotape the surgical procedures. Such notes and/or video from the May 25, 2010, surgery will provide additional evidence of the condition of Vaughn's back before and during the surgery. United has not demonstrated that the failure to obtain a pre-surgery IME will cause it irreparable harm when multiple sources of information about Vaughn's pre-surgery condition are or will be available.

For this reason, the Court **DENIES** United's motion for a TRO and PI (Doc. 3).

**IT IS SO ORDERED.**
**DATED: May 24, 2010**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**